# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

RHONDA KAYE HUTSON,

      Petitioner,

v.                                                        CASE NO. 4:24cv464-RH-MAL

KERRI R. PISTRO,

      Respondent.

_____/


## ORDER DENYING THE § 2241 PETITION


      The petitioner Rhonda Kaye Hutson is serving a sentence in the Bureau of Prisons. She has earned recidivism-reduction credits under the First Step Act making her eligible for immediate transfer to prerelease custody. The Bureau of Prisons has delayed the transfer until her imminent completion of the Bureau's Female Integrated Treatment program.

      Ms. Hutson asserts the delay violates 18 U.S.C. § 3632(d)(4)(C), which provides that the Bureau "shall transfer" eligible prisoners to prerelease custody or supervised release. The statute does not, however, say the transfer must be immediate.

Prerelease custody is governed by § 3624 subsection (g), which applies to prerelease custody based on recidivism-reduction credits, and also by § 3624 subsections (b) and (c), which apply to prerelease custody more generally. But there is an explicit exception: the subsection (b) and (c) upper limits on the time a prisoner can spend in prerelease custody do not apply to prerelease custody based on recidivism-reduction credits. *See* 18 U.S.C. § 3624(g)(10) ("The time limits under subsections (b) and (c) shall not apply to prerelease custody under this subsection"—that is, do not apply to prerelease custody based on recidivism-reduction credits as addressed in subsection (g)).

Ms. Hutson says subsections (b) and (c) do not apply to prerelease custody based on recidivism-reduction credits at all. But if that were so, § 3624(g)(10) could have said that subsections (b) and (c) do not apply. Instead, § 3624(g)(10) says the "time limits" in those subsections do not apply. This suggests the remainder of subsections (b) and (c) do apply.

This is important because § 3624(c) explicitly preserves "the authority" of the Bureau of Prisons "under section 3621." 18 U.S.C. § 3624(c)(4). The Bureau's authority under § 3621, in turn, includes the authority to "designate the place of the prisoner's imprisonment." *Id.* § 3621(b). The statute lists factors the Bureau should consider and says the designation "is not reviewable by any court." *Id*. Nothing in § 3624(g) limits the Bureau's § 3621 authority.

The Bureau has designated Ms. Hutson's place of imprisonment as her current facility—FCI Tallahassee—to be followed within weeks by prerelease custody, specifically home confinement. Leaving aside the question whether § 3632(d)(4)(C) mandates immediate transfer to prerelease custody, the decision to continue the designation to FCI Tallahassee pending completion of the ongoing treatment program is consistent with the factors § 3621(b) directs the Bureau to consider.

Ms. Hutson's petition for immediate transfer to prerelease custody is before the court on the magistrate judge's report and recommendation, ECF No. 34, and the objections, ECF No. 35. The report and recommendation correctly concludes the petition should be denied. *See also Crowe v. Fed. Bureau of Prisons*, No. 24-cv-3582, 2025 WL 1635392, at *21–23 (D.D.C. June 9, 2025). The statutes do not mandate immediate transfer to prerelease custody, and the Due Process Clause, which Ms. Hutson also invokes, provides no greater right to transfer than the statutes.

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The petition for relief under 28 U.S.C. § 2241 is denied." The clerk must close the file.

SO ORDERED on July 21, 2025.

s/Robert L. Hinkle
United States District Judge